**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0816-20

NANCY BRENT,

    Plaintiff-Respondent,

v.

ADAM L. BRENT,

    Defendant-Appellant.

_____

Argued March 31, 2022 – Decided June 16, 2022

Before Judges Mitterhoff and Alvarez.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0392-17.

Adam L. Brent, appellant, argued the cause pro se.

Leah A. Vassallo argued the cause for respondent (Kennedy & Vassallo, attorneys; Nancy Kennedy, on the brief).

PER CURIAM

Defendant Adam Brent appeals from an August 28, 2020 order denying his motion to reduce his child support obligation. We affirm.

We discern the following facts from the record. The parties married in 2001, and have three children from the marriage. On May 4, 2018, the parties divorced by way of a Judgment of Divorce, which incorporated the parties' property settlement agreement (PSA). Paragraph thirty-two of the PSA stated:

> The parties jointly own, and/or have jointly contributed to the cost and expenses related to the property located at 798 Forsythia Drive, Vineland, New Jersey, 08360. [Defendant] agrees to execute a quit claim deed and [plaintiff] agrees to refinance the property in her name alone within the next year, so that there will be a transfer of all right, title and interest to [plaintiff] in this property. As of the date of signing this document, [defendant] agrees all ownership of the property belongs to [plaintiff] even though the Deed has not been fully transferred, and agrees to continue to pay mortgage on the same until 2021, in lieu of child support. In the event that [plaintiff] sells the property, the parties agree that child support shall be directly payable to [plaintiff], in the amount of $500[] per week.

On August 3, 2018, the PSA was modified by a consent order. Paragraph nine of the consent order stated that defendant would "receive full ownership of the former marital property." Paragraph four of the consent order stated that "[d]efendant shall continue to pay child support to the [p]laintiff in the amount of $2,000 per month." Finally, paragraph eleven of the of the consent order

stated that "[p]laintiff and [d]efendant agree there will be no effective change of circumstances which would warrant changing this Agreement."  At the time of the execution of both the PSA and the subsequent consent order, both parties were practicing attorneys.

In March 2019, defendant was suspended from the practice of law based on allegations that he was misappropriating money from client accounts in 2015 and 2016.  Prior to the divorce, both parties were aware of the charges against him and the possibility that he could lose his license in the future.

On July 20, 2020, defendant filed a motion seeking, in pertinent part,[1] a recalculation of child support.  Defendant claimed changed circumstances as result of his suspension and alleged reduction in earning capacity.

On August 28, 2020, after hearing from the parties, the judge denied defendant's request for a recalculation of child support because the judge reasoned that paragraph eleven of the consent order was an anti-Lepis clause.[2]

---

[1]  Defendant's motion also included issues regarding parenting time, custody, and use of the martial home, but because defendant is not appealing those issues, we do not address them.

[2]  An anti-Lepis clause waives the parties' rights to modify their fixed payment, or the established criteria of payment, for reasonably, foreseeable future circumstances that would otherwise give rise to judicial modifications of their agreement.  Morris v. Morris, 263 N.J. Super. 237, 241 (App. Div. 1993).

A-0816-20

The judge found there was no requirement that the clause specifically state that it is an anti-Lepis clause. The judge noted the language of the paragraph eleven was not ambiguous and that defendant knew that he could possibly lose his license prior to signing the consent order. The judge rejected defendant's argument that he did not enter the consent order voluntarily because defendant is an attorney, he was "well versed in what's going on," and he failed to show "it wasn't done voluntarily[,]" since defendant signed the consent order and "a decent amount of time" had passed since it had been filed. This appeal followed.

On appeal, defendant presents the following argument for our consideration:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO MODIFY THE EXISTING ORDER BECAUSE IT WRONGFULLY CONSTRUED THAT THERE WAS AN ANTI[-]LEPIS PROVISION THAT PROHIBITTED ANY TYPE OF MODIFICATION FROM THE EXISTING ORDER

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We typically accord deference to the Family Part judges due to their "special jurisdiction and expertise in family matters." Id. at 413. The judge's findings are binding so long as they are "supported by adequate,

4

substantial, credible evidence." Id. at 412. (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Thus, we will not "disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms, 65 N.J. at 484). However, we review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts." Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Under N.J.S.A. 2A:34-23, the Family Part has the authority to modify child-support "from time to time as circumstances may require." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting N.J.S.A. 2A:34-23). "Our courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'" Id. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). The Family Part's consideration of "changed circumstances" includes the change in the parties' financial circumstances, whether the change is continuing, and whether the parties' agreement "made explicit provision for the change." Ibid. (quoting Lepis, 83 N.J. at 152).

A-0816-20

A parties' settlement agreement or subsequent consent order may reasonably limit the circumstances that may qualify as "changed" by including an anti-Lepis clause. See Quinn v. Quinn, 225 N.J. 34, 49-50 (2016). Anti-Lepis clauses are subject to enforcement where the parties "with full knowledge of all present and reasonably foreseeable future circumstances bargain[ed] for a fixed payment or establish[ed] the criteria for payment[,] . . . irrespective of circumstances that in the usual case would give rise to Lepis modifications of their agreement." Morris, 263 N.J. Super. at 241. The Family Part will not unnecessarily or lightly disturb such arrangements if the arrangements are "fair and definitive." Quinn, 225 N.J. at 44 (quoting Konzelman v. Konzelman, 158 N.J. 185, 193-94 (1999)). Nor may the court rewrite the agreement "or grant a better deal than that for which the parties expressly bargained." Id. at 45.

Guided by these principles, we reject defendant's meritless argument that the judge wrongfully construed paragraph eleven of the consent order as an enforceable anti-Lepis clause prohibiting modification of his child support obligation. Defendant, a former matrimonial attorney, willingly signed the consent order, which contained the unambiguous statement that the parties agreed "there w[ould] be no effective change of circumstances which would warrant changing this Agreement."

A-0816-20

We agree with the judge's determination that the parties included an anti-Lepis clause in the consent order with full knowledge of all present and reasonably foreseeable future circumstances and as a result of a bargained-for exchange. Defendant admitted that prior to getting divorced, both parties were aware of the ethics charges against him and the possibility that he could lose his license in the future. Despite knowing this possibility, defendant voluntarily signed the consent order. The $2,000 monthly child support agreed to in the order was roughly the same as the $500 a week agreed to in the PSA, which also contained an anti-Lepis clause. Moreover, defendant derived a substantial benefit from the consent order. Although the PSA awarded plaintiff possession of the marital residence, the consent order granted possession of the home to defendant, without requiring him to pay plaintiff any of the equity. After a careful review of the record, we are satisfied that the judge's findings are based on adequate, substantial, credible evidence and entirely consistent with the governing law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0816-20